BENJAMIN B. WAGNER
United States Attorney
S. ROBERT TICE-RASKIN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2738

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR. S-12-408 TLN |
| ) | |
| Plaintiff, ) | STIPULATION REGARDING |
| ) | EXCLUDABLE TIME PERIODS UNDER |
| v. ) | SPEEDY TRIAL ACT; |
| ) | FINDINGS AND ORDER |
| CHRISTOPHER LEE BARNA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

   Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

   1.   Defendant first appeared before Magistrate Judge Newman, a judicial officer in the court in which this charge is pending, on November 28, 2012.  On that date, this matter was set for status on January 14, 2013 before Judge Shubb.  In addition, at the request of defendant, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from November 28, 2012, through January 14, 2013, was deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and B (iv) [Local Code T4]. By previous

1 stipulations and orders approved by Judge Shubb and this Court,
2 the status conference was continued until May 16, 2013 and time
3 was excluded under Local Code T4.
4     2.   By this stipulation, defendant now moves to continue the
5 status conference until May 30, 2013 and to exclude time between
6 May 16, 2013 and May 30, 2013, under Local Code T4.  Plaintiff
7 does not oppose this request.
8     3.   The parties agree and stipulate, and request that the
9 court find the following:
10     a.   The government has represented that there is
11         substantial discovery associated with the case which
12         includes investigative reports and related documents in
13         electronic form (approximately 880 pages).  All of this
14         discovery has been produced directly to counsel.  In
15         addition, the government recently conveyed a revised
16         plea offer to the defense.
17     b.   Counsel for defendant desires additional time to
18         consult with his client, to review the current charges,
19         to conduct investigation related to the charges, to
20         review discovery for this matter, to review the plea
21         offer, and to otherwise prepare for potential
22         resolution of this matter or trial.
23     c.   Counsel for defendant believes that failure to grant
24         the above-requested continuance would deny him the
25         reasonable time necessary for effective preparation,
26         taking into account the exercise of due diligence.
27
28

| | | |
|---|---|---|
| | d. | The government does not object to the continuance. |
| | e. | Counsel for defendant has specifically discussed all of the contents of this stipulation with his client and represents that his client concurs with the contents of this stipulation. |
| | f. | Defendant Barna has specifically discussed all of the contents of this stipulation with his counsel and represents that he concurs with the contents of this stipulation. |
| | g. | Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original dates prescribed by the Speedy Trial Act. |
| | h. | For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, <u>et seq.</u>, within which trial must commence, the time period of May 16, 2013 to May 30, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B (iv) [Local Code T4] because it results from a continuance granted by the judge at defendant's request on the basis of the judge's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. |

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate

3

that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED:   15 May 2013.

        /s/ Tice-Raskin
        S. ROBERT TICE-RASKIN
        Assistant United States Attorney

DATED:   15 May 2013.

        /s/ Doug Beevers
        DOUGLAS BEEVERS
        Counsel for Defendant

**O R D E R**

IT IS SO FOUND AND ORDERED this 15th day of May, 2013.

Troy L. Nunley
United States District Judge